E. T. KEARNS, L. P. KEARNS, M. B. SMITH, AND ELVIRA L. SMITH v. A. B. HUFF AND THE HIGH POINT AMUSEMENT COMPANY, INC.

(Filed 14 April, 1926.)

**Reference—Statutes—View of Premises—Landlord and Tenant—Leases —Contracts.**

Where the question involved in the action is the amount of rent due the lessor of a store or amusement house, under a contract placing the rental at not less than a certain monthly sum, with obligation of the lessee to pay more in accordance with what other tenants were paying in the locality for other stores, etc., of the same rental value, the question to be determined by the jury does not require a view of the premises, entitling the party requesting it to a compulsory reference under the provisions of our statute. C. S., 573.

APPEAL by plaintiff from *Schenck, J.,* at December Term, 1925, of GUILFORD. Affirmed.

This is an appeal from the refusal of the court below to grant an order for a compulsory reference. The motion for a reference was made by

plaintiffs for the reason that the case is "one which requires a personal view of the premises," within the meaning of the statute, C. S., 573, latter part of subsection 3.

The complaint alleges that plaintiffs and defendant, Huff, made a lease in 1920, by which the plaintiffs rented to Huff the Broadway Theatre Building, in High Point, for the term of five years from the first day of March, 1925; Huff promised to pay the plaintiffs as rent for the building:

"A sum which shall represent the highest price per month being paid on the said 1 March, 1925, by any tenant or lessee for property on the same side of the street and in the same locality, and of approximately the same size, frontage, number of stories, etc., not less than $200 per month, the said rent to be in monthly payments on the first of each month in advance beginning on 1 March, 1925, and a corresponding amount on the first day of each succeeding month thereafter during the life of this lease."

The complaint alleges "That there are two tenants or lessees for property on the same side of the street and in the same locality, and of approximately the same size, frontage, number of stories, etc., who were paying on 1 March, 1925, as rent for such premises the sum of $400 per month." The defendants deny this allegation. The plaintiffs claim $400 per month as rent under the lease, and the defendants tender $260.00.

*Austin & Jerome for plaintiffs.*
*Gold & York for defendants.*

PER CURIAM. C. S., 573 and subsection 3, are as follows: "Where the parties do not consent, the court may, upon the application, or of its own motion, direct a reference in the following cases: (3) Where the case involves a complicated question of boundary, or one which requires a personal view of the premises."

There is nothing in the facts of record "which requires a personal view of the premises."

The plaintiffs have the right to have the owners, or lessees, or occupants of the premises mentioned in their complaint as witnesses who can testify to a jury the same side of the street and in the same locality the buildings are on and the size, frontage, number of stories, and the amount of the rent that was being paid on 1 March, 1925.

The power of the court below to order a view by the jury is set forth in *S. v. Stewart,* 189 N. C., p. 345.

The judgment of the court below is
Affirmed.